AMALGAMATED INDUSTRIAL CORPORATION, Appellant, *v.* JOSEPH TEICHHOLTZ, Respondent.

First Department, April 5, 1917.

Injunction — covenant not to engage in certain business after termination of employment — when cause of termination of employment immaterial — injunction pendente lite enforcing covenant — merits of alleged defense should be established at trial.

Where the defendant, in consideration of stock received and a contract employing him in the service of the corporation for ten years, covenanted that he would not engage in certain industries carried on by the corporation within a certain district for a period of ten years after the termination of his employment by the corporation " for any cause whatsoever, even though said termination takes place before the expiration of said contract," the right of the corporation to enforce the covenant does not depend upon whether the defendant's employment was terminated by his own act or by that of the corporation.

Evidence examined, and *held*, that the plaintiff corporation seeking to enforce the covenant was entitled to an injunction *pendente lite.*

Any claim of the defendant that the covenant should not be enforced owing to the circumstances under which he was induced to enter into the contract should be established at trial and not on plaintiff's motion for an injunction *pendente lite.*

APPEAL by the plaintiff, Amalgamated Industrial Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of February, 1917, denying plaintiff's motion to continue *pendente lite* an injunction heretofore granted.

*Gordon S. P. Kleeberg,* for the appellant.

*Abraham H. Sarasohn,* for the respondent.

SCOTT, J.:

Defendant, being a stockholder in a corporation which amalgamated with others to form the plaintiff corporation, sold all of his stock to plaintiff in return for stock of plaintiff and a contract of employment for ten years, in return for which he agreed to devote his undivided time and efforts to the business of plaintiff. He also agreed " that he will not engage in the

business of window cleaning and house renovating or any similar business within a radius of thirty miles of Times Square, New York, for the period of ten years after the termination of his employment with the said Company, for any cause whatsoever, even though said termination takes place before the expiration of said contract."

His employment has terminated, whether by his act or by the act of plaintiff is disputed, and under the terms of the covenant is not material, and he has engaged in the same business in which he had covenanted not to engage, and has endeavored to obtain the business of the former customers of the company in which he was originally a stockholder. We have so often restrained the violation of negative covenants of this description that it is unnecessary to restate here the principles upon which injunctions are granted in cases like the present. (*Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; *Alden* v. *Wright,* 175 App. Div. 692; *Eastern N. Y. Wet Wash Laundry Co.* v. *Abrahams,* 173 id. 788; *New York Wet Wash Laundry Co.* v. *Unger,* 170 id. 761.) It is sufficient to say that the moving papers bring the present case well within the rule.

The defendant claims that he can show that owing to the circumstances under which he was induced to enter into the contract containing the above-mentioned covenant he should not be held to its fulfillment.

His papers before us on this appeal do not convince us that he will be able to substantiate this claim, but in any event the place to make the attempt is at the trial, which can be promptly had if defendant presses the case with diligence.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The amount of the undertaking to be given by plaintiff will be determined upon the settlement of the order.

CLARKE, P. J., DOWLING, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; amount of undertaking to be given by plaintiff to be determined on settlement of order. Order to be settled on notice.