STANDARD SLIDE CORPORATION, Appellant, v. GEORGE APPEL and Others, Respondents.

First Department, February 6, 1920.

Injunction — contract not to engage in business for stated time — right to restrain convenantor engaging in similar business as employee — services not of unique character.

A negative covenant made by the seller of a business that he will not engage in a similar business for a stated period will, if reasonable, be enforced in equity and the seller will be restrained from entering into a similar business either as principal or employee, and the right to an injunction does not depend on the uniqueness of the seller's services.

APPEAL by the plaintiff, Standard Slide Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1919, denying the plaintiff's motion for an injunction *pendente lite.*

*Nelson Ruttenberg* of counsel [*J. Robert Rubin* with him on the brief], for the appellant.

*Harvey T. Mann* of counsel [*Joseph & Alvin T. Sapinsky,* attorneys], for the responaents.

SMITH, J.:

This plaintiff is a corporation manufacturing mica slides. The defendant Appel was heretofore engaged in the manufacture of mica slides with one Valenzuela, under the name of the Economy Slide Company, No. 120 Third avenue, New York city. In June, 1918, the defendant made an agreement with the plaintiff, whereby the plaintiff purchased from Appel and his partner the outfit and good will of the Economy Slide Company. In that sale there was an agreement by Appel not to engage in a similar business for a period of five years in any State of the United States, except New Mexico. It was further agreed that for three years the plaintiff would employ the said Appel at twenty-five dollars a week and ten dollars a week for expense money. Thereafter the defendant Appel entered into the employment of the corporation and in September, 1919, he left the corporation and went into the employ of

First Department, February, 1920.    [Vol. 190.

the Broadway Slide Company, Inc. This Broadway Slide Company was a new corporation which was organized and took the property formerly rented by the Economy Slide Company, and it is claimed by the plaintiff that it was organized by Appel, and some of the affidavits tend to show that Appel had stated to different persons that he was going to leave the employ of the plaintiff and go into business for himself under the name of the Broadway Slide Company.

There is a dispute in the evidence as to whether Appel voluntarily left the plaintiff's employment, or whether he was discharged. An action was then brought by the plaintiff to enjoin Appel from working for the Broadway Slide Company. A temporary injunction was denied, and from the order denying the plaintiff's motion for a temporary injunction, this appeal has been taken.

Upon an examination of the opinion it would seem that this injunction was denied upon the ground that the services of Appel were not so unique that they could not be performed by others, and, therefore, the plaintiff was not entitled to an injunction. I think the Special Term misapprehended the nature of the plaintiff's action. The rule which the court applied to this case is the rule which is applied to a breach of contract for service. In that case the contract of employment has a special value, where the employee is a unique character, and he can be enjoined, even though there be no negative covenant on his part not to work elsewhere. This case, however, comes within the well-settled rule in equity, where a business is sold and there is a negative covenant, that that negative covenant, if reasonable, will be enforced. In an action to enjoin under such a covenant, the question is not one of the uniqueness of the plaintiff's services, but in the purchase of a business, its good will is deemed to suffer material damage by the breach of the negative covenant not to enter into any business which will compete with the business sold.

The law is well settled that this negative covenant is enforcible. In *United States* v. *Addyston Pipe & Steel Co.* (85 Fed. Rep. 271; affd., 175 U. S. 211) it is said: " It was of importance, as an incentive to industry and honest dealing in trade, that, after a man had built up a business with an extensive good will, he should be able to sell his business and good will to the

best advantage, and he could not do so unless he could bind himself by an enforceable contract not to engage in the same business in such a way as to prevent injury to that which he was about to sell." In *Amalgamated Industrial Corporation* v. *Teichholtz* (177 App. Div. 456) the defendant had sold his business to the plaintiff and covenanted that he would " not engage in the business of window cleaning and house renovating or any similar business." The agreement further provided that the defendant was to enter the plaintiff's employ. Subsequently, the defendant's employment with the plaintiff became terminated and he engaged in the same business in which he had covenanted not to engage. In reversing the order denying the motion for an injunction *pendente lite*, this court held, through SCOTT, J., at page 457: " His employment has terminated, whether by his act or by the act of plaintiff is disputed, and under the terms of the covenant is not material, and he has engaged in the same business in which he had covenanted not to engage, and has endeavored to obtain the business of the former customers of the company in which he was originally a stockholder. We have so often restrained the violation of negative covenants of this description that it is unnecessary to restate here the principles upon which injunctions are granted in cases like the present." (See, also, *McCall Co.* v. *Wright*, 198 N. Y. 143.)

The covenant in the case at bar was not to " engage in any business in anywise similar to that now being conducted by him " under the name of the Economy Slide Company for five years from the date of said agreement. It cannot matter whether he engaged in that business as a principal or as an employee; in either case he is violating his covenant and under the authorities cited the court will enjoin such violation.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for a temporary injunction granted.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for temporary injunction granted. Settle order on notice.